## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY RUFFINO, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| vs. | } | CASE NO. CV 08-B-0002-S |
| | } | |
| CITY OF HOOVER; HOOVER | } | |
| POLICE DEPARTMENT; SGT. | } | |
| RODERICK GLOVER, | } | |
| | } | |
| Defendants. | } | |

## MEMORANDUM OPINION

This case is before the court on Defendants' Motion for Judgment on the Pleadings.  (Doc. 15.)[1]  Upon consideration of the submissions of the parties and arguments of counsel, and for the reasons stated below, the court finds that the Motion is due to be granted in part and denied in part.

### I.    Standard of Review

A party may file a motion for judgment on the pleadings after the close of the pleadings but early enough not to delay trial.  FED. R. CIV. P. 12(c).  Pursuant to FED. R. CIV. P. 7(a), the pleadings are closed upon the filing of both a complaint and an answer, provided that no counterclaim, crossclaim, or third-party claim is interposed.  *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1367 (West

---

[1]        Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

2008).

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)(citing *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999)).  The court must construe "the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." *Id*. When evaluating a motion for judgment on the pleadings, the court will consider only "the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

## II.    Factual Summary[2]

This case arises out of a November 3, 2006, incident involving plaintiff and City of Hoover police officers.  (Doc. 1, ¶¶ 9-57.)  On that day, plaintiff's daughter told him over the telephone that her house had been damaged in a fire.  (Doc. 1, ¶ 9.)  Plaintiff arrived at his daughter's house to find that the fire had been extinguished and that fire and police vehicles blocked the road.  (Doc. 1, ¶ 11.)  There were a number of firefighters, policemen, and other unidentified persons at the scene.  (Doc. 1, ¶ 11.)  Plaintiff discussed the extent of the damage to the home with the Fire Chief, who informed plaintiff that the power to the home had been cut off and that no one could stay in the home until it had

---

[2]    The court has construed the facts as alleged in the complaint, (doc. 1), as true and viewed them in the light most favorable to plaintiff as the nonmoving party. *See Cannon*, 250 F.3d at 1301.

been repaired and was safe.  (Doc. 1, ¶¶ 12-13.)  Plaintiff's grandson revealed that

plaintiff's estranged son-in-law, Jonathan Lee ("Lee"),  accidentally set the fire.  (Doc. 1,

¶ 14.)

Plaintiff observed Lee outside the house speaking to two unidentified men and

approached the group to discuss the fire, but they withdrew.  (Doc. 1, ¶ 15.)  Plaintiff

went inside the house and was followed shortly thereafter by Lee and the two men.  (Doc.

1, ¶¶ 16-17.)  Lee was on his cellular telephone attempting to speak to an insurance

adjuster about the fire.  (Doc. 1, ¶ 18.)  Plaintiff told Lee to get off the phone and that his

daughter, the owner of the house, would handle any insurance claims.  (Doc. 1, ¶¶ 19-21.)

One of the unidentified men, dressed in a grey University of Alabama at Birmingham t-

shirt, told plaintiff he did not like the way plaintiff spoke to Lee.  (Doc. 1, ¶¶ 22-23.)  The

unidentified man was Roderick Glover ("Glover"), a sergeant in the City of Hoover

Police Department.  (Doc. 1, ¶ 22.)  Glover was not identified in any way as a police

officer.  (Doc. 1, ¶ 22.)

Plaintiff told Glover that he was speaking to Lee, not to him.  (Doc. 1, ¶ 24.)

Plaintiff relayed to Lee the Fire Chief's damage assessment and told Lee that he would

need to find another place to stay.  (Doc. 1, ¶ 25.)  Plaintiff added that Lee would not

receive any money for repairs because plaintiff's daughter owned the house.  (Doc. 1, ¶

26.)  After this exchange, plaintiff went into the den with Lee and his daughter.  (Doc. 1,

¶¶ 27-28.)

Glover followed the group into the den and backed plaintiff up against a wall, standing only a few inches from plaintiff's face.  (Doc. 1, ¶ 29.)  Plaintiff then "lightly placed one hand on the upper outside part of Glover's arm near his shoulder in a friendly gesture and in an effort to calm down Glover and slow Glover's aggression towards him." (Doc. 1, ¶ 30.)  Plaintiff told Glover he was there to stop problems between his daughter and Lee, not to cause problems himself.  (Doc. 1, ¶ 31.)  Glover replied cryptically, "You put your hand on me."  (Doc. 1, ¶ 32.)

Glover told the five or six police officers on the scene to "put down" plaintiff. (Doc. 1, ¶ 33.)  The officers hesitated, and Glover again told them that he wanted plaintiff face down and in handcuffs.  (Doc. 1, ¶ 34.)  The officers hesitated again.  (Doc. 1, ¶ 36.) Plaintiff told Glover that his 71 years of age, slight weight, and bad heart made it unnecessary to put him on the floor.  (Doc. 1, ¶ 36.)  Glover insisted that plaintiff be "put down," so plaintiff voluntarily moved to the floor where officers held him down, twisted his arms behind his back, and cuffed him.  (Doc. 1, ¶ 37-38.)  Plaintiff offered no resistance, simply asking that the officers not hold him so tightly.  (Doc. 1, ¶ 39-40.)  An officer remained on plaintiff's back with a knee placed in plaintiff's shoulder for approximately five minutes.  (Doc. 1, ¶ 41.)  Glover also stayed on plaintiff's back, refusing to let him up despite plaintiff's assertions that he could not breathe.  (Doc. 1, ¶ 42.)

By the time plaintiff was allowed to stand up, he was in severe pain.  (Doc. 1, ¶

4

43.)  His pain did not relent at the police station, where he could not stop crying, shivering, and trembling.  (Doc. 1, ¶ 44.)  Finally, a police officer took plaintiff to Cooper Green Hospital where his handcuffs were removed.  (Doc. 1, ¶ 45.)  Over the course of his eight hour detention, plaintiff was neither allowed to make a phone call nor advised of his constitutional rights.  (Doc. 1, ¶ 47.)

Plaintiff was arrested and charged with disorderly conduct.  (Doc. 1, ¶ 48.)  Glover submitted a police report setting out the charges and also swore out a criminal complaint against plaintiff.  (Doc. 1, ¶¶ 48-49.)

During the course of his arrest, plaintiff's "rotor cup was ripped out and [he] suffered severe and permanent injuries to his shoulder which required surgery and extensive physical therapy."  (Doc. 1, ¶ 53.)  Plaintiff continues to receive treatment for these injuries, which limit his mobility and have caused permanent disability.  (Doc. 1, ¶ 54.)

## III. Discussion

Plaintiff initiated this action pursuant to 42 U.S.C. § 1983 and stated claims against defendants for malicious prosecution in violation of the Fourth Amendment, (doc. 1, ¶¶ 58 - 72), unlawful seizure in violation of the Fourth Amendment, (doc. 1, ¶¶ 73 - 79), excessive force in violation of the Fourth Amendment, (doc. 1, ¶¶ 80 - 86), and deliberate indifference to serious medical needs in violation of the Fifth Amendment, (doc. 1, ¶¶ 87 - 93).  Plaintiff also asserted state law claims for assault and battery, false imprisonment,

malicious prosecution, intentional infliction of emotional distress, and negligent

supervision, training and retention.  (Doc. 1, p. 1.)

### A.    Defendants

#### i.    Sgt. Glover in his Official Capacity

Defendants contend that Glover is entitled to a dismissal of any and all claims

asserted against him in his official capacities because his governmental employer, the

City of Hoover, has also been sued.  (Doc. 15, p. 1.; Doc. 15-2, p. 2-3.)  Plaintiff concedes

that claims against Glover in his official capacity, set forth in Counts I through IV, are

due to be dismissed.  (Doc. 25, p. 2.)  Accordingly, the court finds that defendants'

Motion for Judgment on the Pleadings is due to be granted in part and the following

claims against Glover in his official capacity are due to be dismissed:  malicious

prosecution in violation of the Fourth Amendment, (doc. 1, ¶¶ 8, 58 - 72), unlawful seizure

in violation of the Fourth Amendment, (doc. 1, ¶¶ 8, 73 - 79), excessive use of force in

violation of the Fourth Amendment, (doc. 1, ¶¶ 8, 80 - 86), and deliberate indifference to

serious medical needs in violation of the Fifth Amendment, (doc. 1, ¶¶ 87 - 93).  *See*

*Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985)(official capacity suit is to be treated

as a suit against the entity, not the official personally).  However, this finding does not

extend to allegations made pursuant to 42 U.S.C. § 1983 in Counts I through IV against

Glover in his individual capacity.  *See id*. (distinguishing suits against government

officials in their official and individual capacities).

ii.     **City of Hoover Police Department**

Defendants argue that the City of Hoover Police Department is due to be dismissed

from this action because it is not a separate legal entity subject to liability under either

state or federal law.  (Doc. 15, p. 2; Doc. 15-2, p. 5.)  "Sheriff's departments and police

departments are not usually considered legal entities subject to suit."  *Dean v. Barber*, 951

F.2d 1210, 1214 (11th Cir. 1992)(upholding dismissal of Jefferson County Sheriff's

Dep't as defendant).  Pursuant to FED. R. CIV. P. 17(b), a police department's capacity to

be sued is determined by the law of the state in which the district court is located.  *Id*. at

1214-15.  Alabama law is clear that a county sheriff's department is not subject to suit.

*See White v. Birchfield*, 582 So. 2d 1085, 1087 (Ala. 1991).  However, the court is

unaware of a case from an Alabama state court that expressly states an equivalent rule for

police departments.

There are cases from the Southern and Middle Districts of Alabama which state

that a city police department in Alabama is not a separate legal entity subject to suit.  *E.g.*,

*Lee v. Wood*, 2007 WL 2460756 (S.D. Ala. 2007); *e.g.*, *Seltzer v. Mobile City Police*

*Dep't*, 2008 WL 3852679 (S.D. Ala. 2008); *e.g.*, *Smith v. Lungsford*, 2007 WL 1857216

(M.D. Ala. 2007).  These cases rely upon *Hawkins v. City of Greenville*, 101 F. Supp. 2d

1356, 1363 (M.D. Ala. 2000), where the plaintiff merely stipulated that the correct

defendant was the city and not the police department.  Nevertheless, other courts within

the Eleventh Circuit have found, without stipulation, that police departments are not

7

entities subject to suit. *See, e.g., Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989)("Where a police department is an integral part of the city government as the vehicle through which the city fulfills its policing functions, it is not an entity subject to suit.")(citing *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (D.C. Ga. 1984)); *see, e.g., Pierre v. Schlemmer*, 932 F. Supp. 278, 280 (M.D. Fla. 1996)(police department not a party to suit under 42 U.S.C. § 1983).

While mindful of the dearth of Alabama law on this issue, the court finds that the City of Hoover is the correct defendant and not the police department.  Accordingly, defendants' Motion for Judgment on the Pleadings, with respect to claims asserted against the City of Hoover Police Department, is due to be granted, and those claims are due to be dismissed.

### B.    Malicious Prosecution Claims

As noted above, plaintiff has asserted claims for malicious prosecution pursuant to both Alabama law and 42 U.S.C. § 1983.

### i.    Malicious Prosecution under Alabama Law

Defendants assert that they are entitled to dismissal of all claims of malicious prosecution in violation of Alabama law.  (Doc. 15, p. 3; Doc. 15-2, p. 10-11; Doc. 28, p. 3-7.)  Plaintiff concedes to the dismissal of his allegation of malicious prosecution against the City of Hoover.  (Doc. 25, p. 7.)  *See Neighbors v. City of Birmingham*, 384 So. 2d 113 (Ala. 1980)(municipality may not be held liable for malicious prosecution).

Accordingly, the court finds that plaintiff's allegation against the City of Hoover for malicious prosecution in violation of Alabama law, contained in Count VII of plaintiff's Complaint, (doc. 1, ¶¶ 104-108), is due to be dismissed.  Defendants' Motion for Judgment on the Pleadings, with respect to that claim, is due to be granted.

Defendants also seek dismissal of the malicious prosecution claim against Glover in his individual capacity.  (Doc. 15-2, p. 11.)  In Alabama, a plaintiff must present substantial evidence of four elements to support a claim for malicious prosecution: "(1) that a prior judicial proceeding was instituted by the present defendant, (2) that in that prior proceeding the present defendant acted without probable cause and with malice, (3) that the prior proceeding ended in favor of the present plaintiff, and (4) that the present plaintiff was damaged as a result of the prior proceeding."  *Delchamps, Inc. v. Bryant*, 738 So. 2d 824, 831-32 (Ala. 1999).  Defendants argue that plaintiff has failed to allege the prior proceeding ended with a result in plaintiff's favor.[3]  (Doc. 15-2, p. 11.)  Plaintiff acknowledges such and requests that the court allow him, pursuant to FED. R. CIV. P. 15, to amend his pleading to reflect that the criminal complaint against plaintiff has been dismissed.  (Doc. 25, p. 7.)  According to plaintiff, the prior proceeding was still pending

---

[3]       For this same reason, defendants also seek dismissal of plaintiff's allegation of malicious prosecution under 42 U.S.C. § 1983.  (Doc. 15, p. 3; Doc. 15-2, p. 14-15.)  The elements of malicious prosecution in violation of § 1983 incorporate the elements of the tort in Alabama.  *See Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003)(malicious prosecution claim under § 1983 requires proof of violation of right to be free from unreasonable seizures and elements of common law tort of malicious prosecution).  Accordingly, the court's discussion of the elements of malicious prosecution under Alabama law is applicable to defendants' request for dismissal of plaintiff's malicious prosecution claim under § 1983.

when he filed his Complaint on January 2, 2008.  (Doc. 25, p. 7.)  All criminal charges

against plaintiff were dismissed on May 21, 2008.[4]  (Doc. 25, p. 7.)

The court entered a Scheduling Order on April 3, 2008, pursuant to FED. R. CIV. P.

16(b), giving plaintiff until June 10, 2008, to join additional parties and to amend the

pleadings.  (Doc. 9, ¶ 10.)  Under the Federal Rules, "[a] schedule may be modified only

for good cause and with the judge's consent."  FED. R. CIV. P. 16(b)(4)*see Oravec v.*

*Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1231-32 (11th Cir. 2008)(although

plaintiff relied on Rule 15 to seek modification of scheduling order, court relied on Rule

16).  Enforcement of the scheduling order is within this court's discretion.  *See Sosa v.*

*Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)("A district court's decision to

enforce its pre-trial order will not be disturbed on appeal absent an abuse of discretion.").

Exercising that discretion, the court finds that it will serve the interests of justice to allow

plaintiff to amend his complaint.  Accordingly, plaintiff may amend his complaint to

reflect the conclusion of criminal proceedings against him.  Defendants' Motion for

Judgment on the Pleadings, based upon plaintiff's failure to allege the conclusion of

criminal proceedings against him, is due to be denied.

Defendants argue, even allowing for plaintiff's requested amendment, that

---

[4]      The court takes judicial notice of the May 21, 2008, Order of the Circuit Court of
Jefferson County, Alabama, (doc. 26, ex. A), dismissing charges against plaintiff, Anthony
Ruffino.  *See U.S. v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)("a court may take notice of
another court's order only for the limited purpose of recognizing the 'judicial act' that the order
represents or the subject matter of the litigation").

plaintiff's malicious prosecution claim against Glover fails because plaintiff cannot establish Glover acted without probable cause.  (Doc. 28, p. 6-7.)  Defendants state that plaintiff's reference to the circuit court's dismissal of criminal charges, (doc. 26, ex. A), clearly establishes that plaintiff was convicted in Municipal Court and that such conviction is prima facie evidence of probable cause for plaintiff's arrest.  *See Kmart Corp. v. Perdue*, 708 So. 2d 106, 109 (Ala. 1997)("Where . . . there was a prior conviction in a criminal case, the judgment of conviction is prima facie evidence of the existence of probable cause for initiating the action, *even if the conviction was later vacated and the accused discharged*.").  However, this prima facie evidence "may be rebutted by any competent evidence which clearly overcomes the presumption arising from the fact of defendant's conviction in the first instance."  *Brown v. Parnell*, 386 So. 2d 1137, 1139 (Ala. 1980).  Accordingly, the court finds that it is premature to dismiss plaintiff's claim of malicious prosecution in violation of Alabama law prior to the submission of any evidence which may rebut the presumption that defendant Glover acted with probable cause.  Defendants' Motion for Judgment on the Pleadings, as it pertains to plaintiff's allegation against Glover of malicious prosecution under Alabama law, is due to be denied.

### ii.     Malicious Prosecution under § 1983

Defendants argue that plaintiff has failed to allege that defendant Glover instituted or continued prior proceedings against plaintiff, part of the first element of the tort of

malicious prosecution.  (Doc. 28, p. 5-6.)  The Eleventh Circuit has previously ruled in favor of defendant police officers, such as Glover in this case, and overturned a denial of summary judgment on the grounds that they were not the proper target of a malicious prosecution claim.  *Eubanks v. Gerwen*, 40 F.3d 1157, 1160-61 (11th Cir. 1994).  In *Eubanks*, the court found that the "evidence in the record reveals that none of the defendants had anything to do with the decision whether or not to prosecute [plaintiff]."  *Id*. at 1160.  The defendants performed their duties as police officers, which included fully apprising the state attorney of information that weighed in favor of and against plaintiff's guilt.  *Id*. at 1160-1161.

Similarly, in *Barts v. Joyner*, 865 F.2d 1187 (11th Cir. 1989), the court rejected a plaintiff's contention that she could collect damages for her criminal trials, conviction, incarceration, and the resulting aggravation of a mental disorder subsequent to what she argued was an unlawful seizure:  "The intervening acts of the prosecutor, grand jury, judge and jury . . . each break the chain of causation unless plaintiff can show that these intervening acts were the result of deception or undue pressure by the defendant policemen."  *Id*. at 1195-96.

In contrast to the above cited cases, the Complaint here contains allegations that defendant Glover did more than perform his role as a police officer and may have participated in the decision to prosecute plaintiff: "defendants maliciously and without probable cause caused a Complaint to be sworn out on the Plaintiff on a charge of

disorderly conduct."  (Doc. 1, ¶ 105.)  Plaintiff has not yet been afforded the opportunity to present evidence that his arrest and subsequent prosecution were instituted as a result of an unlawful action on the part of Glover.  Were plaintiff able to produce such evidence, his malicious prosecution claim brought under 42 U.S.C. § 1983 would be cognizable.  *See, e.g., Williams v. The Miami Dade Police Dept.*, 2008 WL 4726101 (11th Cir. 2008)(officer could be legal cause of action if fabrication of evidence resulted in prosecutor being presented with false and misleading evidence).  Accordingly, the court finds that plaintiff's allegation of malicious prosecution brought under 42 U.S.C. § 1983 is not merely speculative, and defendants' Motion for Judgment on the Pleadings, as it relates to that particular claim, is due to be denied.

### C.      Excessive Force

Defendants argue that they are entitled to dismissal of any and all claims of excessive force as alleged in Count III of the Complaint because, in the Eleventh Circuit, an allegation of excessive force is subsumed in a claim that the stop or arrest was illegal. (Doc. 15, p. 3; Doc. 15-2, p. 13-14; Doc. 28, p. 7.)  However, an excessive force claim is subsumed within an unlawful arrest claim only "where an excessive force claim is predicated solely on allegations the arresting officer lacked the power to make an arrest . . . ."  *Bashir v. Rockdale Cty.*, 445 F.3d 1323, 1332 (11th Cir. 2006).  In this case, plaintiff's excessive force claim is not predicated solely upon the unlawfulness of his arrest.  Plaintiff has alleged in detail how, in spite of his age and infirmity, he was held

13

face down on the floor, his arms were twisted behind his back, his hands were cuffed, and officers kneeled on his back.  (Doc. 1, ¶¶ 33 - 43.)  Accordingly, the court finds that defendants' Motion for Judgment on the Pleadings with respect to plaintiff's allegation of excessive force, Count III of the Complaint, (doc. 1, p.13.), is due to be denied.

### D.    State-Agent Immunity

Defendants claim that Glover and the City of Hoover are entitled to state-agent immunity on plaintiff's state law claims, Counts V through IX of the Complaint.  (Doc. 15, p. 3; Doc. 15-2, p. 9-10.)  In Alabama,

> A State agent *shall* be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's . . . exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons, or serving as peace officers under circumstances entitling such officers to immunity pursuant to § 6-5-338(a), Ala. Code 1975.

*Hollis v. City of Brighton*, 950 So. 2d 300, 309 (Ala. 2006)(modifying standard set forth in *Ex parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000)).  State-agent immunity extends to governmental units or agencies authorized to appoint peace officers.  Ala. Code § 6-5-338(b) (1975).  However, this immunity is inapplicable either when required by law or "when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law."  *Cranman*, 792 So. 2d at 405.

Courts in Alabama utilize a "burden-shifting process when a party raises the

defense of State-agent immunity." *Ex parte Kennedy*, 992 So. 2d 1276, 1282 (Ala. 2008)(citing *Ex parte Estate of Reynolds*, 946 So. 2d 450, 452 (Ala. 2006)).  A state-agent asserting immunity bears the initial "burden of demonstrating that the plaintiff's claims arise from a function that would entitle the State agent to immunity."  *Id*. (quotation omitted).  Should he do so, "the burden shifts to the plaintiff to show that one of the two categories of exceptions to State-agent immunity recognized in *Cranman* is applicable." *Id*.

In this case, defendants argue that they are entitled to immunity from plaintiff's state law claims because they arise out of plaintiff's arrest, which defendant Glover performed as a discretionary duty.  (Doc. 15-2, p. 10.)  As quoted above, the applicable *Cranman* standard specifically provides immunity to state-agents performing or attempting to perform an arrest.  *Cranman*, 792 So. 2d at 405.  Plaintiff, however, has rebutted defendants' assertion of state-agent immunity with allegations that defendants acted with willfulness, malice, or both.  (Doc. 25, p. 6; Doc. 1, ¶¶ 56, 97, 102, 106, & 113.)  Taking the facts as alleged in the complaint as true, plaintiff's Complaint contains enough factual material to suggest that defendants may have acted willfully or maliciously.  *See Burdeshaw v. Snell*, 350 F. Supp. 2d 944, 953 (M.D. Ala. 2004)(motion to dismiss based on § 6-5-338(a) immunity denied, court could not find plaintiff could prove no set of facts exempting police officer from immunity); *see also Ex parte Tuskegee*, 932 So. 2d 895, 907-908 (Ala. 2005)(citing *Walker v. Briley*, 140 F. Supp. 2d

1249, 1263 (N.D. Ala. 2001)(denying summary judgment on behalf of police officer who claimed immunity pursuant to Ala. Code § 6-5-338(a), evidence suggested officer had no reason to believe plaintiff committed a crime and reasonable jury could conclude arrest was in bad faith)).  Accordingly, the court finds that plaintiff has pled an exception to state-agent immunity sufficient to raise his right to relief on Counts V through IX above the speculative level.  Defendants' Motion for Judgment on the Pleadings with respect to these claims is due to be denied.

### E.    Municipality Immunity

#### i.    Assault & Battery; False Imprisonment; Intentional Infliction of Emotional Distress

Defendants claim that plaintiff's assault and battery, false imprisonment, and intentional infliction of emotional distress claims against the City of Hoover allege malice and therefore fail as a matter of law.  (Doc. 15, p. 4; Doc. 15-2, p. 15; Doc. 28, p. 9.) Section 11-47-190 of the Alabama Code immunizes a municipality from tort liability unless predicated upon the neglect, carelessness, or unskillfulness of an agent, officer, or employee of the municipality.  Plaintiff has clearly alleged such in this case:  "In the alternative [to acting willfuly or maliciously], Defendant Glover took this action within the line and scope of his law enforcement duties due to neglect, carelessness, or unskillfulness."  (Doc. 1, ¶¶ 98, 103, & 114; Doc. 25, p. 14.)  "Where a plaintiff alleges a factual pattern that demonstrates neglect, carelessness, or unskillfulness, the plaintiff has

16

stated a cause of action under Section 11-47-190." *Hardy v. Town of Hayneville*, 50 F. Supp. 2d 1176, 1191 (M.D. Ala. 1999).

Alabama law prohibits municipal liability for intentional torts, *see Romero v. City of Clanton*, 220 F. Supp. 2d 1313, 1319 (M.D. Ala. 2002), such as assault.  However, "[a] municipality can be held liable 'where the officer committing the alleged assault or battery was unskilled as a consequence of inadequate training or supervision of the municipality.'"  *Byther ex rel. Byther v. City of Mobile*, 398 F. Supp. 2d 1222, 1233 (S.D. Ala. 2005)(citing *Nolin v. Town of Springville*, 45 F. Supp. 2d 894, 914 (N.D. Ala. 1999)).  Accordingly, plaintiff's allegation of assault against the City of Hoover is not merely speculative and should not be dismissed.  Plaintiff's claim for false imprisonment likewise is not due to be dismissed.  *See Franklin v. City of Huntsville*, 670 So. 2d 848, 852 (Ala. 1995)(claims for false imprisonment may be brought against municipalities so long as the plaintiff alleges a fact pattern that demonstrates neglect, carelessness, or unskillfulness).

However, the City of Hoover is immune from plaintiff's allegation of intentional infliction of emotional distress, which as its name indicates, involves intentional conduct and should be dismissed.  *See Hardy v. Town of Hayneville*, 50 F. Supp. 2d 1176, 1191 (M.D. Ala. 1999)(pursuant to Section 11-47-190, municipality immune from claim of intentional infliction of emotional distress).

Accordingly, the court finds that defendants' Motion for Judgment on the

17

Pleadings is due to be denied with respect to plaintiff's claims against the City of Hoover for assault and battery, Count V of plaintiff's Complaint, and false imprisonment, Count VI of the Complaint.  Defendants' Motion is due to be granted with respect to plaintiff's allegation of intentional infliction of emotional distress against the City of Hoover, Count VIII of the Complaint.

    ii.    **Negligent Supervision**

Defendants also assert that they are entitled to dismissal of plaintiff's allegation of negligent supervision in violation of Alabama law.  (Doc. 1, ¶¶ 116-122; Doc. 15, p. 3; Doc. 15-2, p. 11-13; Doc. 28, p. 8.)  As discussed above, a municipality may only be held liable for injuries caused by the negligence of its agents, officers, or employees.  Ala. Code § 11-47-190 (1975).  "Municipal liability under Section 11-47-190 is based on the doctrine of respondeat superior."  *Ott v. City of Mobile*, 169 F. Supp. 2d 1301, 1314 (S.D. Ala. 2001).  "Thus, for the [municipality] to be liable under that doctrine, the employee must first be liable for a tort."  *Hamilton v. City of Jackson*, 508 F. Supp. 2d 1045, 1057 (S.D. Ala. 2007) (quotation omitted).  If the employee is not liable for any tort, then the municipality is absolved.  *Id*.  No cause of action exists in Alabama against an employee for negligent training or supervision of a subordinate.  *Id*. at 1057-58.  Because a claim against the municipality for negligent training or supervision is derivative of the claim against the employee, and no such claim exists under Alabama law, the claim against the city must fail as well.  *Id*. at 1058.  Accordingly, the court finds that plaintiff's allegation

of negligent training and supervision, contained in Count IX of the Complaint, is due to be dismissed.  Defendants' Motion for Judgment on the Pleadings, with respect to Count IX, is due to be granted.

### F.    Relief Sought

#### i.    Injunctive Relief

Defendants assert that they are entitled to dismissal of plaintiff's requested injunctive relief because such relief would amount to an impermissible "obey the law" injunction.  (Doc. 15, p. 2; Doc. 15-2, p. 6-7.)  Defendants add that the injunction sought fails to meet the specificity requirements of FED. R. CIV. P. 65(d).  (Doc. 15, p. 2; Doc. 15-2, p. 8.)  Plaintiff counters that Rule 65(d) is inapplicable at the pleading stage and that he has met his burden of pleading under Rule 8(a)(3).  (Doc. 25, p. 4-5.)  *See* 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2955 (West 2008) (Rule 65(d)'s obligation to provide reasonable detail applies only to the court's order and not to plaintiff's complaint).

While plaintiff has met the minimal requirements for a request of injunctive relief pursuant to Rule 8, the court finds that it is not permitted to grant the relief requested and defendants' prayer for injunctive relief is due to be dismissed.  Plaintiff requests that this court enjoin "the [d]efendants, their agents, successors, employees, attorneys and those acting in concert with the [d]efendants and at the [d]efendants' requests from continuing to violate the Fourth and Fifth Amendments."  (Doc. 1, p. 21.)  More simply, plaintiff

19

requests that this court grant an injunction requiring defendants to obey the law, and such an injunction is impermissible. *See Florida Ass'n of Rehab. Facilities, Inc. v. Florida Dep't of Health & Rehabilitative Servs.*, 225 F.3d 1208, 1222-1223 (11th Cir. 2000) ("obey the law" injunctions are impermissible); *see, e.g., Burton v. City of Bell Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999) (injunction barring city from discriminating on basis of race in annexation decisions would be an "obey the law" injunction and unenforceable). Accordingly, the court finds that plaintiff's request for injunctive relief is due to be dismissed. Defendants' Motion for Judgment on the Pleadings, with respect to plaintiff's request for injunctive relief, is due to be granted.

### ii.   Punitive Damages sought from City of Hoover

Defendants claim, and plaintiff concedes, that the City of Hoover is immune from an award of punitive damages for violations of 42 U.S.C. § 1983. (Doc. 15, p. 2-3; Doc. 15-2, p. 5-6; Doc. 25, p. 4.) *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding that a municipality is immune from punitive damages sought under 42 U.S.C. § 1983). However, plaintiff's Prayer for Relief only seeks punitive damages from Glover. Accordingly, the court finds that defendants' Motion for Judgment on the Pleadings, with respect to plaintiff's prayer for punitive damages from the City of Hoover, is moot.

## IV.   Conclusion

For the reasons stated above, defendants' Motion for Judgment on the Pleadings is

due to be granted in part and denied in part.  An order conforming with this Memorandum

Opinion will be entered contemporaneously herewith.

**DONE**, this the 4th day of March, 2009.


*Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE